**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6



FILED
CLERK, U.S. DISTRICT COURT

NOV 21, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

| | |
|---|---|
| Lake Hughes Recovery,<br><br>Plaintiff,<br><br>v.<br><br>Humana Behavioral Health, Inc.,<br><br>Defendant. | 2:18-cv-06790 VAP (ASx)<br><br>**Order GRANTING Defendant's Motion to Dismiss the First Amended Complaint and Remanding Action (Doc. No. 21.)** |

On October 12, 2018, Defendant Humana Behavioral Health, Inc. ("Defendant") filed a Motion to Dismiss the First Amended Complaint. (Doc. No. 21.) Plaintiff Lake Hughes Recovery ("Plaintiff") filed its Opposition on October 29, 2018, (Doc. No. 22), and Defendant filed its Reply on November 5, 2018, (Doc. No. 23).

Defendant argues that the FAC should be dismissed in its entirety because it improperly adds diversity-destroying defendants Does 21-30, and Claims 2-6 fail to state a claim. (Doc. No. 21-1.)

After considering all papers filed in support of and in opposition to the Motion, and the arguments advanced at the November 19, 2018 hearing, the Court finds that Does 21-30 are properly joined, and that the Court no

longer has diversity jurisdiction under 28 U.S.C. § 1332.  Declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367, the Court REMANDS this action to the Los Angeles Superior Court.

## I. SUMMARY OF ALLEGATIONS

Plaintiff is a residential addiction treatment and drug rehabilitation facility, staffed by licensed addiction staff and other medical professionals.  (FAC ¶ 8.)  Defendant provides insurance plans, including plans for persons receiving behavioral health treatments.  (*Id.* ¶ 9.)  Plaintiff alleges that Defendant is regulated by state laws requiring the prompt, direct reimbursement of providers for the care costs of insured patients.  (*Id.* ¶¶ 10-11.)

Before providing treatment to a patient, Plaintiff submits an authorization request to the patient's insurance provider to determine if the services will be covered by its policies. (*Id.* ¶ 12.)  In 2016, Defendant pre-approved Plaintiff to offer a variety of treatments and services to patients Does 21-31, each of whom signed a contract with Plaintiff accepting liability if Defendant does not pay for treatment.  (*Id.* ¶¶ 13-14, 18.)  Plaintiff provided these services, for which Defendant was later billed.  (*Id.* ¶¶ 15-16.)  After paying a portion of the billed amount, Defendant informed Plaintiff in early 2017 that its position had reversed, and demanded a disgorgement of the funds paid to Plaintiff.  (*Id.* ¶ 17.)  Defendant also denied other claims that it had previously pre-approved.  (*Id.* ¶ 18.)  Plaintiff has exhausted Defendant's appeal process, yet Defendant has only paid $5,380.11 toward the sum

owed ($412,014.00) for services that Plaintiff has provided to Does 21-30. (*Id.* ¶¶ 19-21.)

Plaintiffs assert the following claims: (1) Breach of Contract; (2) Breach of Contract; (3) Quantum Meruit-Breach of Implied Contracts; (4) Breach of Contract-Third Party Beneficiary; (5) Violation of California Unfair Competition Law, Bus and Prof §17200; and (6) Money Had and Received. (Doc. No. 19 at 1.)

## II. LEGAL STANDARD

Federal Rules of Civil Procedure Rule 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must allege facts that state a claim for relief that is plausible, not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations omitted). Rather, the

allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### III. DISCUSSION

Defendant contends that Plaintiff has improperly attempted to destroy diversity by adding Does 21-30 to the FAC. (Doc. No. 21-1 at 9-13.) Plaintiff responds that the FAC legitimately adds Does 21-30 under 28 U.S.C. §1447(e), (Doc. No. 22 at 9-13), and the Court agrees. As Does 21-30 destroy diversity, however, the Court no longer has jurisdiction under 28 U.S.C. § 1332, and remands the suit to state court.

**A. Does 21-30 Are Properly Added to the FAC**

28 U.S.C. §1447(e) provides that if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether this sort of joinder should be permitted, courts consider "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is

intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). After considering these factors, the Court finds that joinder of Does 21-30 is proper.

### 1. Does 21-30 Are Required for Just Adjudication

Under Federal Rule of Civil Procedure 19(a), a party must be joined to an action if a court cannot accord complete relief in that party's absence, or if that party's absence would impede its ability to protect their interests or subject any of the parties in a case to inconsistent obligations. Fed R. Civ P. 19(a). The rule contemplates the joinder of a party "will not deprive the court of subject-matter jurisdiction," however. *Id.* A §1447(e) analysis is less restrictive, and courts find that joinder is proper so long as the diversity-destroying party is not merely "tangentially related to the cause of action." *IBC Aviation Services*, 125 F. Supp. 2d at 1012. The Doe defendants are not tangential to this action; the treatment they received—and are potentially liable for—is at the heart of Plaintiff's claims. Were this case to move forward without them, there is a possibility of a separate and inconsistent adjudication in any suit they may be subject to in the future. The Doe defendants thus are required for a just adjudication of Plaintiff's claims.

### 2. The Statute of Limitations

Plaintiff alleges it entered into contracts with the defendant Does between March and June of 2016, (FAC ¶¶ 24, 32), giving Plaintiff until early

2020 to file a separate suit.  While Defendant contends Plaintiff "simply prefers not to do so," (Doc. No. 23 at 8), Plaintiff rightly notes that filing a separate lawsuit would be duplicative and could result in inconsistent outcomes, (Doc. No. 22 at 10), factors that courts may consider when weighing joinder even if the statute of limitations does not bar an additional lawsuit, *IBC Aviation Services*, 125 F. Supp. 2d at 1112.

### 3. The Delay in Joinder is Explained

In evaluating whether a complaint may be amended, courts do not merely consider if amendment is attempted "within the period of time allotted by the district court in a Rule 16 scheduling order," *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006), but rather "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Although it was presumably aware of the contracts that it had signed with the Doe defendants, Plaintiff contends the joinder "was in reaction to [Defendant] taking the position that the pre-approvals were not enforceable contracts." (Doc. No. 22 at 11.)  Shortly after learning Defendant's position, Plaintiff filed its FAC.  The Court finds this explanation to be reasonable.

### 4. Joinder is Not Intended to Defeat Jurisdiction

There is "a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Indeed, courts have noted that the "legislative history to § 1447(e) also suggests that it was intended to undermine the doctrine employed by some

courts that amendments which destroyed diversity were to be viewed with suspicion," *Trotman v. United Parcel Service*, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996), and its "flexibility" supports the idea that "joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder," *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal. 1989) (internal quotations and citation omitted). Although "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court," *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980), there is nothing to suggest that Plaintiff joined the Doe defendants simply to destroy the Court's diversity jurisdiction.

**5. Plaintiff's Claim Appears Valid**

Defendant asserts that the "vague pleading of the claims against the Patient DOES supports the fact that the addition of the Patient DOES was motivated by a desire to destroy diversity." (Doc. No. 21-1 at 12). This argument fails. Plaintiff's first breach of contract claim is pled adequately. Plaintiff alleges Does 21-30 signed contracts agreeing to be billed for treatments and services if Defendant did not pay. (FAC. ¶¶ 13-14, 18.) Plaintiff alleges it has not been paid for these services. (*Id.* at ¶ 28.) Hence, the breach of contract claim lies against the defendant Does.

**6. Denial of Joinder Would Prejudice Plaintiff**

Defendant implausibly argues that "prosecuting the actions separately will likely allow for a more economical and speedy resolution of the actions."

7

(Doc. No. 21-1 at 12.) As an additional suit could force Plaintiff into "redundant litigation arising out of the same facts," *IBC Aviation Services*, 125 F. Supp. 2d at 1113, however, the Court finds that Plaintiff would be prejudiced by a denial of joinder.

### B. Diversity Jurisdiction Has Been Destroyed, and the Court Declines to Exercise Supplemental Jurisdiction

Federal courts have original "diversity" jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Proper jurisdiction under Section 1332 requires complete diversity of citizenship, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (internal citation omitted). Thus, a district court faced with the prospect of permitting joinder of non-diverse defendants has two choices: to deny the joinder, or to permit it and remand the action back to state court. *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

The joinder of Does 21-30 is proper. As some Does are residents of Los Angeles County, (FAC ¶ 3), Plaintiff's principal place of business, (*id.* ¶ 1), the lack of complete diversity means the Court no longer has jurisdiction of this action.

The Court also declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367, and accordingly REMANDS the case to the California Superior Court, County of Los Angeles.

### IV. CONCLUSION

For the reasons stated above, the Court REMANDS this action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated: 11/21/18

Virginia A. Phillips
Chief United States District Judge